UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**NATHAN J. REOME,**

                           **Petitioner,**

                      **-v-**                        **9:12-CV-421 (NAM/DEP)**

**SUPERINTENDENT, Five Points Correctional Facility,**

                           **Respondent.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

NATHAN J. REOME
06-B-2044
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Petitioner, *Pro Se*

HON. ERIC T. SCHNEIDERMAN, Attorney General of the State of New York
ALYSON J. GILL, ESQ., Assistant Attorney General
120 Broadway
New York, New York 12224
Attorney for Respondent

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this proceeding for *habeas corpus* under 28 U.S.C. § 2254. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4, United States Magistrate Judge David E. Peebles issued a Report and Recommendation (Dkt. No. 23) recommending dismissal of the petition and denial of a certificate of appealability. Petitioner has filed an objection (Dkt. No. 26). This Court reviews *de novo* those parts of a magistrate judge's report

and recommendation to which a party specifically objects. *See* 28 U.S.C. § 636(b)(1)(C). Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y. Sept. 22, 1997), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). As set forth below, the Court accepts the Report and Recommendation, dismisses the petition, and denies a certificate of appealability.

The Court adopts Magistrate Judge Peebles' Report and Recommendation and does not repeat here his summary of the case, recitation of the law, or analysis. The Court briefly addresses the only issue specified in petitioner's objection, that is, the state courts' application of section 60.22(1) of New York Criminal Procedure Law ("CPL"). Section 60.22(1) provides: "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." Petitioner's primary argument is that, in reviewing petitioner's appeal from his conviction, *see People v. Reome*, 15 N.Y.3d 188 (2010), New York's Court of Appeals violated the *Ex Post Facto* Clause by retroactively applying a new, unprecedented construction of CPL 60.22(1).

Preliminarily, as Magistrate Judge Peebles notes, the New York high court's *Reome* decision concerns a judicial interpretation of CPL 60.22(1), not a legislative amendment, and therefore petitioner's argument is correctly viewed as a due process claim, not an *ex post facto* claim.[1] The Supreme Court explains that, while the *Ex Post Facto* Clause "does not of its own force apply to the Judicial Branch of government ... limitations on *ex post facto* judicial

---

[1] In contrast, *Carnell v. Texas*, 529 U.S. 513 (2000), relied on by petitioner, concerns a statutory amendment.

decisionmaking are inherent in the notion of due process." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001). The Due Process Clause requires that "a criminal statute must give fair warning of the conduct that it makes a crime." *Id*. at 457 (citation and quotation marks omitted). Therefore, "[i]f a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." *Id.* (citation and quotation marks omitted).

Petitioner contends that, prior to the *Reome* decision, the proper construction of the corroboration requirement of section 60.22(1) was the so-called *Hudson* rule, as follows:

> To meet the statutory mandate the corroborative evidence must be truly independent; reliance may not to any extent be placed on testimony of the accomplice for to do so would be to rely on a bootstrap. The independent evidence must be material evidence other than that of the accomplice and must fairly and reasonably tend to connect the defendant with the commission of the crime. It may not depend for its weight and probative value upon the testimony of the accomplice.

*People v. Hudson*, 51 N.Y.2d 233, 238 (1980) (citation, alteration, and quotation marks omitted).

In affirming petitioner's conviction, the *Reome* court rejected the *Hudson* rule, stating that "the rule stated in *Hudson* is not supported by our other cases, and we do not follow it here." 15 N.Y.3d at 192. The *Reome* court continued:

> The text of CPL 60.22(1), requiring "corroborative evidence tending to connect the defendant with the commission of such offense," need not be read, as it was in *Hudson*, to require that all corroboration that depends to any degree on the accomplice's testimony be ignored. The words "without reference to the accomplice's testimony" are not in the statute. There can be corroborative evidence that, read with the accomplice's testimony, makes it more likely that the defendant committed the offense, and thus tends to connect him to it.
>
> A number of our decisions, both before and after *Hudson*, are inconsistent with the *Hudson* rule. As early as 1921, we said, in language we have repeatedly echoed since then: "Matters in themselves of seeming indifference

-3-

> or light trifles of the time and place of persons meeting may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime[.]"
>
> ***
>
> In short, many of our cases are inconsistent in their language, and some in their holdings, with the *Hudson* rule that CPL 60.22(1) does not permit consideration of corroborative evidence that depends "to any extent" on accomplice testimony. We now make clear that this aspect of *Hudson* is overruled.

*Id*. at 194 (citations omitted).

After reviewing the cases cited by the *Reome* court, this Court agrees that the state-court decisions interpreting CPL 60.22(1) prior to *Reome* were inconsistent. *Reome* did not articulate a new, unprecedented interpretation of section 60.22(1) but rather resolved the inconsistency by expressly adopting an interpretation articulated in other New York decisions before the charged conduct and trial. *See, e.g., People v. Daniels*, 37 N.Y.2d 624, 629 (1975), and *People v. Besser*, 96 N.Y.2d 136, 143 (2001). This Court agrees with Magistrate Judge Peebles that the *Reome* court's construction of CPL 60.22(1) was not "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Rogers*, 532 U.S. at 456. Accordingly, on *de novo* review, the Court finds that the due process issue lacks merit. The Court conducts clear-error review of the other issues, to which petitioner interposes only a general objection, and finds no error.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, the Court declines to issue a certificate of appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 23) is accepted; and it is further

ORDERED that the petition (Dkt. No. 1) is denied and dismissed; and it is further

ORDERED that a certificate of appealability shall not be issued in this case; and it is further

ORDERED that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order in accordance with the local rules.

IT IS SO ORDERED.

Date: July 14, 2015
      Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge